UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RUSS BROTHERS, INC.,<br><br>  Defendant. | No. 2:12-cv-1668 WBS DAD<br><br><br><br>FINDINGS & RECOMMENDATIONS |

This matter came before the court on January 11, 2013, for hearing of plaintiff United States of America's ("Government") motion for default judgment against defendant Russ Brothers, Inc. (Doc. No. 8.) Colin Sampson, Esq. appeared on behalf of the plaintiff. No appearance was made by or on behalf of the defendant.

Oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted.

PROCEDURAL BACKGROUND

On June 21, 2012, plaintiff filed a complaint alleging that defendant Russ Brothers, Inc., doing business as Waffle Barns, ("defendant"), failed or refused to surrender property subject to a levy issued by the Internal Revenue Service ("IRS") for the collection of unpaid taxes assessed against Roger J. Russ and Marsha A. Russ ("the Russes"). (Compl. (Doc.

1

1    No. 1) at 1.[1]) Defendant's agent for service, Roger J. Russ, was personally served with a copy of
2    the complaint on August 15, 2012. (Doc. No. 4.) Despite being served with process, defendant
3    failed to appear in this action and, pursuant to plaintiff's request (Doc. No. 5), the Clerk of the
4    Court entered defendant's default on September 10, 2012. (Doc. No. 6.) On December 3, 2012,
5    plaintiff filed the motion for default judgment now pending before the court and noticed it to be
6    heard before the undersigned pursuant to Local Rule 302(c)(19). (Doc. No. 8.)

7    The matter came before the court on January 11, 2013. (Doc. No. 11.) Despite
8    being served with all papers filed in connection with the motion, there was no opposition filed nor
9    appearance made by or on behalf of the defendant at the January 11, 2013 hearing.[2]

## LEGAL STANDARDS

11   Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for
12   default judgment. Upon entry of default, the complaint's factual allegations regarding liability
13   are taken as true, while allegations regarding the amount of damages must be proven. Dundee
14   Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope
15   v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977));
16   see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v.
17   Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

18   Where damages are liquidated, i.e., capable of ascertainment from definite figures
19   contained in documentary evidence or in detailed affidavits, judgment by default may be entered
20   without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages,
21   however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722
22   F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

23   /////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Moreover, in response to questions that arose at the January 11, 2013 hearing, plaintiff filed a supplemental memorandum in support of the motion for default judgment that same day. (Doc. No. 10.) Although a copy of the supplemental memorandum was served on the defendant, (Doc. No. 10 at 4), the court's docket reflects that the defendant has also not responded to the supplemental memorandum in any manner.

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against the defendant, establish the following circumstances: (1) the IRS made assessments against the Russes for the 2004 through 2008 tax years; (2) the Russes were provided timely notices of the assessments and neglected, refused or failed to fully pay them; (3) on May 19, 2010, an IRS employee served defendant with a Notice of Levy on Wages, Salaries, and other Income (Form 688-W(ICS)), notifying it of the taxes owed by the Russes and demanding the surrender of the Russes' future wages until the levy was released; (4) on July 21, 2010, an IRS employee personally delivered to defendant's agent for service of process, Roger J. Russ, a Form 688-C, Final Demand for Payment, demanding payment in the amount of $266,658.13; (5) defendant failed, refused or neglected to honor the IRS levy served upon it; (6) as a result of defendant's failure to honor the levy defendant is liable pursuant to 26 U.S.C. § 6332 to the government in a sum equal to the amount it failed to surrender; (7) since being served with the levy defendant has paid the Russes a total amount exceeding the amount sought by the levy; and (8) defendant did not have reasonable cause not to surrender the wages payable to the Russes and is liable to the government pursuant to 26 U.S.C. § 6332(d)(2) in a sum equal to 50% of the value of property it failed to surrender. (Compl. (Doc. No. 1) at 2-6.)

In its complaint, the government prays for statutory damages of an amount equal to the lesser of the value of the property that the defendant failed to surrender plus interest, or the unpaid tax liability of the Russes, including statutory accruals and interest, pursuant to 26 U.S.C. § 6332(d)(1).  (Id. at 6.)  The complaint also seeks, pursuant to 26 U.S.C. § 6332(d)(2), judgment against defendant in an amount equal to 50% of the amount recoverable under 26 U.S.C. § 6332(d)(1), plus interest.  (Id.)

As noted above, plaintiff's complaint and summons were served upon the defendant on August 15, 2012, by personal service on defendant's agent for service.  (Doc. No. 4.)  The undersigned finds that the defendant was properly served with the complaint and that the Clerk properly entered the default of the defendant on September 10, 2012.  (Doc. No. 6.)  Defendant was also served with both plaintiff's request for entry of default and application for default judgment by the court.  (Doc. Nos. 5 & 8.)  Despite being served with process and all papers filed in connection with plaintiff's request for entry of default and motion for default judgment, defendant failed to respond to plaintiff's complaint, plaintiff's request for entry of default, or plaintiff's motion for default judgment.

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint support plaintiff's claims.  Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendant's failure to comply with the levy.  In light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.  Nor is there any indication that defendant's default resulted from excusable neglect, since defendant was properly served with plaintiff's pleading as well as with plaintiff's request for entry of default and motion for default judgment.  Thus, defendant has had ample notice of plaintiff's intent to pursue a default judgment.

Although public policy generally favors the resolution of a case on its merits defendant's failure to make a proper appearance and defend against plaintiff's claims has made a decision on the merits impossible in this case.  Because most of the Eitel factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the

merits, and recognizing that the amount at stake in this action is not insignificant, will recommend that default judgment be entered against the defaulted defendant.  See United States v. Campbell, No. 2:11-cv-2826 MCE EFB, 2013 WL 3490740, at *6 (E.D. Cal. July 10, 2013); United States v. China China, Inc., No. C-11-2065 EDL, 2011 WL 4404941, at *3 (N.D. Cal. Aug. 31, 2011).

II. Terms Of Judgment To Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  By its motion for default judgment and supplemental memorandum in support, plaintiff seeks a total judgment against defendant in the amount of $442,944.74, plus interest, comprised of an award of $295,296.83 pursuant to 26 U.S.C. § 6332(d)(1) and $147,647.91 pursuant to 26 U.S.C. §6332(d)(2).[3]  (Pl.'s Supp. (Doc. No. 10) at 1-2.)

Title 26 U.S.C. § 6332(d)(1) provides that a defendant who fails or refuses to surrender property subject to levy upon demand shall be liable to the government in a sum equal to the value of the property not so surrendered, but not exceeding the amount of taxes for the collection of which the levy has been made, with costs and interest.  In addition, 26 U.S.C. § 6332(d)(2) provides that a defendant who refuses to surrender property subject to levy without reasonable cause shall be liable for a penalty equal to 50% of the amount recoverable under § 6332(d)(1).

In support of this request, the government has submitted evidence demonstrating that the IRS made tax assessments against the Russes for the 2004 through 2008 tax years, (Doc. No. 8-4 at 2-16), that as of June 19, 2010, the Russes' total liability, including interest and late payment penalties, was $266,685.13, (Doc. No. 6-5 at 2), and that as of January 11, 2013, the Russes' unpaid tax liabilities totaled $295,296.83.  (Doc. No. 10-1 at 2-3.)  Moreover, plaintiff has also submitted evidence demonstrating that between July 1, 2010 and May 15, 2012, after the

---

[3] Although both plaintiff's complaint and motion for default judgment seek plaintiff's costs for bringing this action, plaintiff's motion contains no discussion or documentation in support of that request.  Accordingly, the undersigned will not recommend that plaintiff be granted costs.  If, however, the assigned District Judge adopts these findings and recommendations, plaintiff may seek its costs at that time.  See Local Rule 292.

1  defendant had been served with the levy at issue in this action, defendant paid the Russes over
2  $240,000 in wages, tips or other compensation in defiance of the levy served on defendant by the
3  IRS.  (Doc. Nos. 8-7 through 8-11).
4         In light of this record, the undersigned will recommend that judgment be entered
5  against the defaulted defendant, and that plaintiff be awarded $295,296.83 pursuant to 26 U.S.C.
6  § 6332(d)(1) and $147,647.91 pursuant to 26 U.S.C. §6332(d)(2).  The undersigned will also
7  recommend that plaintiff be awarded interest on this judgment.  See Air Separation, Inc. v.
8  Underwriters at Lloyd's of London, 45 F.3d 288, 290 (9th Cir. 1995) ("Under the provisions of
9  28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory."); Waggoner
10 v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984) ("Interest accrues from the date of a
11 judgment whether or not the judgment expressly includes it").

## CONCLUSION

13    For the reasons set forth above, IT IS RECOMMENDED that:
14    1. Plaintiff's December 3, 2012 motion for default judgment (Doc. No. 8) against
15 defendant Russ Brothers, Inc. be granted;
16    2. Judgment be entered against defendant Russ Brothers, Inc. in the sum of
17 $442,944.74, consisting of $295,296.83 for violating 26 U.S.C. § 6332(d)(1) and $147,647.91 for
18 violating 26 U.S.C. § 6332(d)(2), plus interest; and
19    3. This case be closed.
20    These findings and recommendations will be submitted to the United States
21 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
22 fourteen (14) days after these findings and recommendations are filed, any party may file written
23 objections with the court.  A document containing objections should be titled "Objections to
24 Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
25 and filed within seven (7) days after service of the objections.  The parties are advised that failure
26 /////
27 /////
28 /////

to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD6
Ddad1\orders.civil\russbrothers1668.mdj.f&rs.docx